No. 9638.

## HARCOURT v. HARCOURT, ADMINISTRATOR.

PROMISSORY NOTE.—*Evidence.*—*Declarations.*—*Decedents' Estates.*—In an action upon a promissory note executed by a decedent, payable out of his estate after his death, it is error to admit evidence of declarations of the decedent in reference to the note made after its execution, and in the absence of the payee.

SAME.—*Consideration.*—In such case evidence of a valuable consideration is necessary to support the note.

From the Marion Circuit Court.

*E. Wright, A. C. Ayres* and *E. A. Brown,* for appellant.

BICKNELL, C. C.—This was a claim against a decedent's estate upon a promissory note, of which the following is a copy:

"$500.                    JUNE 22d, 1866.

" For value received, I promise to pay to Nianetia Harcourt the sum of five hundred dollars, to be paid at my death out of my estate, without any relief from valuation or appraisement laws, without interest.        JOHN HARCOURT."

The administrator answered the claim by a general denial. On a trial by the court there was a finding for the defendant. A motion for a new trial was overruled, judgment was rendered on the finding, and the plaintiff appealed. The only error assigned is overruling the motion for a new trial. The reasons alleged for a new trial are:

1, 2 and 3. Permitting the administrator to testify against

the plaintiff, and to prove declarations of the decedent in reference to the note, made after the execution of the note and in the absence of the plaintiff.

4. Permitting D. B. Boardman to give in evidence statements made to him by the decedent in reference to said note, when the plaintiff was not present.

5. Finding for the defendant.

6, 7 and 8. That the finding was not sustained by sufficient evidence, and was contrary to the evidence and contrary to law.

Even if the administrator had been required to testify by the plaintiff or by the court, he was not competent to prove declarations of the decedent in reference to the note, made after its execution, and in the absence of the plaintiff. The court erred in receiving against the plaintiff the testimony of the administrator and of the witness Boardman as to such declarations of the decedent.

For these errors the judgment must be reversed. The competent evidence in the case showed very clearly that the plaintiff gave a valuable consideration for the note. See *West* v. *Cavins,* 74 Ind. 265, 274.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

ELLIOTT, J., did not take part in the decision of this case.